**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **REGINALD BLEVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACT. NO. 1:19-cv-214-TFM-N** |
| | ) | |
| **MS. MARK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Plaintiff, Reginald Blevins ("Plaintiff" or "Blevins"), a prisoner proceeding *pro se*, filed a letter with the Court in a separate, closed case that appears to raise various allegations regarding his conditions of confinement against staff members of the William E. Donaldson Correctional Facility in Bessemer, Alabama, where Plaintiff is imprisoned. *See* Case No. 1:18-cv-256-TFM-N ("18-cv-256"), Doc. 18. Because that prior case was dismissed without prejudice and Plaintiff did not appear to seek reconsideration of that dismissal, the Court construed the letter as an attempt to assert a new Complaint under 42 U.S.C. § 1983 and ordered it transferred to a new docket for review and disposition. *See* 18-cv-256, Doc. 19. Since opening this new case, Plaintiff has filed two additional letters raising allegations similar to those in the letter initiating this case. *See* Docs. 2, 3.

## DISCUSSION

A civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no

district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed "laying venue in the wrong division or district," the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]"); *Lowrance v. Bibb Cty. DHR*, Case No. 2:17-cv-663-WKW-TFM, 2018 U.S. Dist. LEXIS 25162 (M.D. Ala. Feb. 14, 2018) (transferring, in the interest of justice and for the convenience of the parties, a *pro se* action in which plaintiff alleged constitutional claims brought pursuant to 42 U.S.C. § 1983).

Here, the Court notes, first, that Plaintiff's allegations are insufficiently pled in each unsigned letter sent to the Court. However, the Court also notes that the allegations concern Plaintiff's conditions of confinement in the William E. Donaldson Correctional Facility in Bessemer, Alabama, which falls within the geographic jurisdiction of the U.S. District Court for the Northern District of Alabama. Thus, any claims related to Plaintiff's imprisonment are more properly addressed in and by the U.S. District Court for the Northern District of Alabama.

Accordingly, the Court **ORDERS** that this case be transferred to the U.S. District Court for the Northern District of Alabama for disposition. The Clerk of Court is **DIRECTED** to effectuate such transfer.

**DONE and ORDERED** this 6th day of May 2019.

 /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE